1

2

3

4                               UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7    PARIS DONTE VINES,                          Case No. 21-cv-00827-EMC

8                    Plaintiff,

9            v.                                  ORDER OF DISMISSAL IN PART AND
                                                 SERVICE IN PART
10   KATHLEEN ALLISON, et al.,
                                                 Docket No. 6
11                  Defendants.

12

13

14                      **I.      INTRODUCTION**

15          Plaintiff Paris Donte Vines alleges his Eighth Amendment rights were violated by officials

16   at San Quentin State Prison ("SQSP") and California Institute for Men ("CIM"), executives at the

17   California Department of Corrections and Rehabilitation ("CDCR"), and a court-appointed federal

18   receiver.  The Court screened Mr. Vines's original complaint pursuant to 28 U.S.C. § 1915A(a).

19   *See* Docket No. 10.  Mr. Vines's First Amended Complaint ("FAC") is now before the Court for

20   review pursuant to 28 U.S.C. § 1915A(a).  *See* Docket No. 6.

21          Mr. Vines has stated a cognizable claim for violation of the Eighth Amendment.  The

22   Court directs Defendants to respond to the FAC with a dispositive motion, or a notice regarding

23   such motion, on or before **December 31, 2021.**

24                       **II.     BACKGROUND**

25          The FAC in this action is almost identical to the amended complaint filed by several other

26   inmates about prison officials' response to Covid-19 at San Quentin.  *See, e.g.*, Docket No. 7,

27   *Delgadillo Lopez v. Allison*, Case No. 3:21-cv-00406-WHO (N.D. Cal. filed May 3, 2021).

28          The FAC names the following Defendants:

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Executives at CDCR:  Kathleen Allison, Director; Ralph Diaz, Secretary; Ron Davis, Associate Director of Reception Centers; Dr. R. Steven Tharratt, Director of CDCR Medical Services; Dr. Joseph Bick, Director of California Corrections Healthcare Services;

- At SQSP:  Ron Broomfield, Acting Warden; Dr. A. Pachynski, Chief Medical Officer; Clarence Cryer, Healthcare Chief Executive Director;

- At CIM:  Dean Borders, Warden; Dr. L. Escobell, Chief Medical Officer; and

- Clark Kelso, the Federal Receiver appointed by the *Plata/Coleman* court.

FAC at 2-4.

The FAC alleges the following:

Covid-19 was widespread by early March 2020.  The California Governor had declared a state of emergency and the World Health Organization had declared Covid-19 a pandemic.  *Id*. at 5.  CDCR refused to provide free tests for Covid-19 and adequate personal protective equipment ("PPE") to all staff and inmates.  *Id*.  CDCR was aware of the "substantial risk of harm" to inmates posed by the spread of Covid-19.  *Id*.  Mr. Vines alleges that in May 2020 Defendants transferred inmates from CIM to SQSP without adequate testing, which resulted in an outbreak of Covid-19 at SQSP.  *See id*. at 6-10.  Defendants also ignored warnings from local health officials and did not re-test or isolate the CIM inmates after the transfer.  *See id*. at 14-15.  Mr. Vines experienced and continues to experience symptoms of Covid-19 following these events.  *See id*. at 11.  Mr. Vines seeks compensation for his injuries, and an "injunction ordering [SQSP to] attend to 'all' of plaintiff's medical and dental concerns."  *Id*. at 15.

### III.        LEGAL STANDARD

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*

2

1    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

3    right secured by the Constitution or laws of the United States was violated, and (2) that the

4    violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

5    U.S. 42, 48 (1988).

6         Although a complaint "does not need detailed factual allegations, . . . a plaintiff's

7    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

8    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

9    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

10   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

11   proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## IV.    DISCUSSION

13        As to the allegations regarding the March 2020 failure to provide Covid-19 tests and PPE,

14   Mr. Vines has failed to state a claim.  Neither negligence nor gross negligence is actionable under

15   § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*

16   *v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim

17   for denial of medical needs to prisoner).  An accident or evaluative mistake does not reach the

18   required mental state. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Here, Mr. Vines expressly

19   states that SQSP was "infection free" before inmates were transferred from CIM in May 2020.

20   FAC at 6.  Prison officials cannot be said to have acted with the "obduracy and wantonness . . .

21   that characterize the conduct prohibited by the Eighth Amendment" when they failed to distribute

22   materials to contain a non-existent outbreak. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

23   Moreover, Mr. Vines alleges that masks were distributed in April 2020, which is one month before

24   Covid-19 arrived at San Quentin. *Compare* FAC at 5 *with id.* at 6.  Accordingly, to the extent Mr.

25   Vines bases an Eighth Amendment claim on prison officials' failure to distribute Covid-19 tests

26   and PPE in March 2020, before Covid-19 arrived at SQSP in May 2020, his allegations show that

27   prison officials lacked the required mental state.

28        As to Mr. Vines's request for injunctive relief, this request is plainly unrelated to the

United States District Court
Northern District of California

gravamen of this action.  Mr. Vines does not connect the need for dental care to officials' actions regarding Covid-19, nor does he allege that prison officials failed to provide him with medical care.  *See generally*, FAC.  Indeed, Mr. Vines does not even name any defendants who were directly involved in his medical care.  *See id*.  Mr. Vines may not bring unrelated claims in one suit.  Federal pleading rules require that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2).  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in different suits, and prisoners must pay the required filing fees under the PRLA).  Mr. Vines's request for injunctive relief is dismissed without leave to amend, but without prejudice to filing a separate lawsuit challenging any failure to provide medical or dental care.

Mr. Vines's allegations regarding the May 2020 transfer of inmates from CIM to SQSP are a different matter.  He alleges that the transfer was ordered by the federal receiver, that the federal receiver and CDCR executives pressured CIM officials to effect the transfer quickly, and that in order to effect this transfer quickly, CDCR executives approved CIM's skirting of health guidelines.  *See* FAC at 6-10.  The skirting of health guidelines included ordering the transfer of inmates whose Covid-19 tests were out-of-date, as well as inmates who had not been tested at all, and resulted in infected inmates being moved from CIM to SQSP.  *See id*. at 6-8.  Mr. Vines alleges that CIM officials and CDCR executives pursued this course of action despite warnings that the transfer, and lack of testing surrounding the transfer, were "problematic."  *Id*. at 8.  During the transfer itself, Mr. Vines alleges that CDCR executives ignored social distancing protocols and overloaded buses, likely furthering the spread of Covid-19.  *See id*. at 9.  Moreover, after the CIM inmates arrived at SQSP, SQSP officials chose to neither re-test nor isolate the CIM inmates, despite warnings from local health officials that such measures were necessary.  *See id*. at 10-11.  Mr. Vines alleges that he began to suffer from symptoms of Covid-19 shortly after the transfer of infected inmates from CIM to SQSP, and he continues to experience adverse effects.  *See id*. at 11.  Liberally construed, this is sufficient to allege an Eighth Amendment claim against Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## V.    CONCLUSION

For the foregoing reasons and for good cause shown,

1.    The following defendants shall be served:

    a.    Executives at CDCR: Kathleen Allison, Ralph Diaz, Ron Davis, Dr. R. Steven Tharratt, Dr. Joseph Bick;

    b.    Officials at San Quentin State Prison: Ron Broomfield, Dr. A. Pachynski, Clarence Cryer;

    c.    Officials at California Institute for Men: Dean Borders, Dr. L. Escobell; and

    d.    Clark Kelso, the Federal Receiver appointed by the *Plata/Coleman* court.

2.    Service on the listed defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the First Amended Complaint (Docket No. 6); this order of service; a CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall serve a copy of this order on Plaintiff.

3.    No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4.    Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the First Amended Complaint and Reply for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **December 31, 2021,** Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If Defendants elect to challenge the FAC on any procedural ground, they shall do so in an appropriately styled motion. *See, e.g., Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (holding the failure to exhaust should be raised in a summary judgment motion).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **February 11, 2022**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. Defendants **shall** file a reply brief no later than **March 2, 2022**.

6. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

1

2

3

4

> declarations, depositions, answers to interrogatories, or
> authenticated documents, as provided in Rule 56(e), that contradict
> the facts shown in the defendants' declarations and documents and
> show that there is a genuine issue of material fact for trial.  If you do
> not submit your own evidence in opposition, summary judgment, if
> appropriate, may be entered against you.  If summary judgment is
> granted, your case will be dismissed and there will be no trial.  *Rand
> v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

5   If Defendants file a motion for summary judgment for failure to exhaust administrative remedies,

6   it is seeking to have the case dismissed.  As with other defense summary judgment motions, if a

7   motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's

8   case will be dismissed and there will be no trial.

9           7.      All communications by Plaintiff with the Court must be served on defense counsel

10   by mailing a true copy of the document to defense counsel.  The Court may disregard any

11   document which a party files but fails to send a copy of to his opponent.  Until defense counsel

12   has been designated, Plaintiff may mail a true copy of the document directly to each individual

13   defendant, but once a defendant is represented by counsel, all documents must be mailed to

14   counsel rather than directly to the party.

15           8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

16   **No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is**

17   **required before the parties may conduct discovery.**  Plaintiff is reminded that state prison

18   inmates may review all non-confidential material in their medical and central files, pursuant to *In*

19   *re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370;

20   and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3,

21   13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must

22   be made directly to prison officials, not to the Court.  Plaintiff may also use any applicable jail

23   procedures to request copies of (or the opportunity to review) any reports, medical records, or

24   other records maintained by jail officials that are relevant to the claims found cognizable in this

25   order.  Such requests must be made directly to jail officials, not to the Court.

26           9.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

27   Court informed of any change of address and must comply with the Court's orders in a timely

28   fashion.  Failure to do so will result in the dismissal of this action for failure to prosecute pursuant

United States District Court
Northern District of California

1    to Federal Rule of Civil Procedure 41(b).

2         10.    Plaintiff is cautioned that he must include the case name and case number for this

3    case on any document he submits to the Court for consideration in this case.

4

5         **IT IS SO ORDERED**.

6

7    Dated: October 5, 2021

8

9    _____

10   EDWARD M. CHEN
     United States District Judge

United States District Court
Northern District of California